# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROBERT O. SOLIS, | Case No. 1:18-cv-00015-LJO-JLT (PC) |
|---|---|
| Plaintiff, | |
| v. | **ORDER ON PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| ROSA GONZALES, | **(Doc. 13)** |
| Defendant. | **21-DAY DEADLINE** |

The Court screened Plaintiff's original complaint (Doc. 1) and found that, though Plaintiff stated cognizable claims, some of his claims were not cognizable. (*Id.*) Because it appeared Plaintiff could cure the defects in his pleading, the Court granted him leave to file an amended complaint, or to option to proceed on the claims found cognizable in the First Screening Order. (*Id.*) Plaintiff filed the First Amended Complaint, (Doc. 13), which is now before the Court for screening.

Rather than incorporating corrections/amendments to his allegations to present a cogent pleading, Plaintiff submitted a duplicate of his original Complaint, with fourteen pages of amendments and additions to his statement of facts and amended claims sandwiched between the statement of facts and claims from his original Complaint. (*Compare* Doc. 1 with Doc. 13, pp. 1-12, 27-33.) The fourteen new pages direct the reader to pages and lines of the original Complaint that Plaintiff would like the reader to supplement. This is not the Court's job, nor will it be that

of opposing counsel if the Court allows this case to proceed. Rather, it is Plaintiff's duty to incorporate corrections into his pleading. Also, the First Amended Complaint violates Rule 8 as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Because Plaintiff may be able to cure the defects in his pleading, the Court grants him one, final opportunity to file an amended complaint, or to choose to proceed on the claims found cognizable in the First Screening Order. (Doc. 10.) If Plaintiff no longer desires to pursue this action, he may file a notice of voluntary dismissal.

Plaintiff is reminded that allegations in an amended complaint must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). An amended complaint must allege in specific terms how the Defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). An amended complaint should be brief, Fed. R. Civ. P. 8(a), and must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted). Plaintiff is further reminded that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Plaintiff may file a second amended complaint to cure the deficiencies identified by the Court in the First Screening Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Thus, the Court **ORDERS**:

1. Plaintiff is granted leave to file a second amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form and the First Screening Order (Doc. 10); and
3. **Within 21 days** from the date of service of this order, Plaintiff must file either:
   a. a second amended complaint curing the deficiencies identified by the Court in this order; or
   b. a notice that he desires only to proceed on the claims found cognizable in this order, dismissing all others; or
   c. a notice of voluntary dismissal.

**If Plaintiff fails to comply with this order, this action will proceed solely on the claims found cognizable in Plaintiff's original Complaint (Doc. 1) as identified in the First Screening Order (Doc. 10)**.

IT IS SO ORDERED.

Dated: **April 2, 2019**             **/s/ Jennifer L. Thurston**
                                     UNITED STATES MAGISTRATE JUDGE