UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT O. SOLIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROSA GONZALES,<br><br>　　　　Defendant. | Case No.: 1:18-cv-00015-LJO-JLT (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER<br><br>(Docs. 22, 27) |

Defendant Rosa Gonzales filed an answer to Plaintiff's complaint on July 1, 2019. (Doc. 22.) On September 30, 2019, Defendant filed a motion seeking leave to file a first amended answer pursuant to Fed. R. Civ. P. 15. (Doc. 27.) The defendant claims that "[n]ew evidence obtained during discovery provides a basis" for the affirmative defense of failure to exhaust administrative remedies. Defendants wish to file an amended answer that includes this defense. The deadline for Plaintiff to file an opposition or a statement of non-opposition to Defendant's motion has not yet passed; however, the Court finds that neither is necessary here and deems the motion submitted.

According to Rule 15, the "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has repeatedly stressed that the standard for granting leave is generous. *See, e.g.*, *U.S. ex rel. Lee v. Corinthian Colls.*, 655 F.3d

984, 995 (9th Cir. 2011). Courts generally consider five factors when assessing the propriety of leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the moving party has filed a previous amendment. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted).

Defendant wishes to file her first amended answer, and there is no evidence of bad faith, undue delay, prejudice to Plaintiff, or futility of amendment. Defendant bases her proposed amendment on information obtained during a deposition taken on September 3, 2019. (Doc. 27, p. 2.) Thus, the amendment does not appear to be futile nor taken in bad faith. Further, per the Court's Discovery and Scheduling Order, (Doc. 26), the deadline for filing an exhaustion-based motion for summary judgment is October 19, 2019, and the deadline for amending pleadings is November 16, 2019. Thus, the amendment will not delay this action nor prejudice Plaintiff.

Based on the foregoing, the Court ORDERS:

1. Defendant's motion for leave to file an amended answer (Doc. 27) is **GRANTED**;
2. The Clerk's Office is **DIRECTED** to file the answer attached as Exhibit A to Defendant's motion and label it on the docket as "First Amended Answer."

IT IS SO ORDERED.

Dated: **October 18, 2019**          **/s/ Jennifer L. Thurston**
                                     UNITED STATES MAGISTRATE JUDGE