UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT O. SOLIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. GONZALES,<br><br>　　　　　Defendant. | Case No.: 1:18-cv-00015-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S RETALIATION CLAIM FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>(Doc. 28)<br><br>14-DAY DEADLINE |

Defendant Gonzales moves for summary judgment on Plaintiff's retaliation claim on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit. (Doc. 28.) Plaintiff filed a statement of non-opposition to Defendant's motion on November 27, 2019. (Doc. 34.) For the reasons set forth below, the Court **RECOMMENDS** that Defendant's motion be **GRANTED** and that Plaintiff's retaliation claim be **DISMISSED**.

**LEGAL STANDARDS**

**A. Summary Judgment**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment … is satisfied." *Id.* at 323.

**B. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211. Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is an affirmative defense, which the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant must prove (1) the existence of an available administrative remedy and (2) that Plaintiff failed to exhaust that remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him…." *Id.* If the plaintiff fails to meet this burden, the court should dismiss the unexhausted claims or action without prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005).

**DISCUSSION**

**A. Plaintiff's Allegations**

Mr. Solis is housed at Valley State Prison in Chowchilla, California. (*See* Doc. 1 at 1.) Plaintiff alleges that, on April 4, 2017, Defendant-Correctional Officer Gonzales violated his right to freely exercise his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) when she confiscated his rosette, a "Native Spiritual Artifact," which the California Department of Corrections and Rehabilitation (CDCR) operations manual allows Plaintiff to possess. (Doc. 1 at 7-8, 13-14; *see also* Doc. 16 at 1.) Plaintiff further alleges that, on July 19, 2017, Defendant retaliated against him in violation of the First Amendment when she threw his dreamcatcher on the floor and threatened him after he filed a grievance against her. (Doc. 1 at 9-10, 15; *see also* Doc. 16 at 1.)

**B. CDCR Grievance Process**

The CDCR has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff if it has an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs., tit. 15, § 3084.1(a). Compliance with 42 U.S.C. section 1997e(a) requires California state prisoners to use CDCR's grievance process to

exhaust their claims before filing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 85-86. All administrative appeals are subject to three levels of review before the remedy is deemed exhausted. Cal. Code Regs., tit. 15, § 3084.1(b); s*ee also Sapp*, 623 F.3d at 818.

### C. Defendant's Motion

Defendant argues that Plaintiff failed to exhaust the CDCR's administrative remedies for his retaliation claim. (Doc. 28-2.) According to the uncontested facts, Plaintiff filed a grievance on or about July 21, 2017, for the incident on July 19, 2017, (log no. VSP-C-17-01359), which was submitted to the first level of review. (Doc. 28-3, ¶ 7; *id.*, Ex. 1, ¶ 13.) However, Plaintiff withdrew the grievance and did not resubmit it prior to filing suit. (Doc. 28-3, ¶¶ 8-9.)

Plaintiff has filed a statement of non-opposition to Defendant's motion. (Doc. 34.) Additionally, in his deposition, Plaintiff admits that he withdrew the grievance for his retaliation claim and never refiled it. (Doc. 28-3, Ex. 3, "Pl.'s Dep.," 77:17-79:19.) Accordingly, the Court recommends dismissal of Plaintiff's retaliation claim for failure to exhaust.

Defendant does not address Plaintiff's free exercise claims under the First Amendment and the RLUIPA; and, the Court notes that Plaintiff filed a grievance related to these claims (log no. VSP-17-00635), which was submitted to the third level of review. (*See* Doc. 28-3, Ex. 2, ¶¶ 3-6.) Therefore, the Court recommends that these claims be allowed to proceed. *See Lira*, 427 F.3d at 1175 (when complaint has exhausted and unexhausted claims, "court should simply dismiss the unexhausted claims when … [they] are not intertwined with the properly exhausted claims.")

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court **RECOMMENDS** that Defendant's motion for summary judgment, (Doc. 28), be **GRANTED** and that his retaliation claim be **DISMISSED**. Plaintiff's free exercise claims under the First Amendment and RLUIPA should proceed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

4

Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 4, 2019**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE