UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT O. SOLIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. GONZALES,<br><br>　　　　　Defendant. | Case No. 1:18-cv-00015-NONE-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. 38)<br><br>21-DAY DEADLINE |

Before the Court is Defendant's motion for summary judgment. (Doc. 38.) For the reasons set forth below, the Court recommends that Defendant's motion be granted.

### I.   PROCEDURAL BACKGROUND

On September 21, 2018, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it states cognizable claims under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), based on Defendant's alleged confiscation of Plaintiff's religious "rosette." (Doc. 10.) The Court also found that Plaintiff states a cognizable retaliation claim. (*Id.*) Plaintiff elected to proceed only on the claims found cognizable by the Court. (Doc. 15; *see also* Doc. 16.)

On October 10, 2019, Defendant filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies with respect to his retaliation claim. (Doc. 28.) On January 4, 2020, District Judge Lawrence J. O'Neill adopted the undersigned's findings

and recommendations (Doc. 35), recommending that Defendant's motion be granted. (Doc. 36.) The Court allowed Plaintiff's free exercise claims to proceed. (*Id.*)

On February 5, 2020, Defendant filed a motion for summary judgment on the grounds that the undisputed evidence shows that she did violate the RLUIPA or Plaintiff's free exercise rights under the First Amendment. (Doc. 38.) Plaintiff filed an opposition, to which Defendant filed a reply. (Docs. 44, 45.) Defendant's motion is ripe for review.

## II.   EVIDENTIARY MATTERS

Though Defendant provided Plaintiff with the requirements for opposing a motion for summary judgment under Federal Rule of Civil Procedure 56 and Local Rule 260 (Doc. 38-5), Plaintiff has not submitted any evidence in support of his opposition to Defendant's motion. Plaintiff has also failed to reproduce the itemized facts in Defendant's statement of undisputed facts (Doc. 38-2) and to admit or deny those facts. Although the Court may grant Defendant's motion on these grounds, *see* Fed. R. Civ. P. 56(e)(3), because Plaintiff is *pro se* and attests under penalty of perjury that the contents of his complaint are true and correct (Doc. 1 at 6), the Court will consider as evidence those parts of the complaint that are based on Plaintiff's personal knowledge. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (citations omitted).

## III.   SUMMARY OF RELEVANT FACTS

Mr. Solis is incarcerated at Valley State Prison, and his claims stem from events at the prison. Pl.'s Compl. at 1 (Doc. 1). On April 4, 2017, Correctional Officer Gonzales saw Plaintiff wearing a necklace with a medallion that appeared larger than 2 inches wide. Def.'s Separate Statement of Material Undisputed Facts ("SUF") ¶ 5 (Doc. 38-2). Defendant told Plaintiff that the necklace was contraband because of its size. *Id.* ¶ 6. According to the "Religious Personal Property Matrix," religious medallions may not exceed 1.5 inches in diameter. Gonzales Decl. ¶ 6 (Doc. 38-3); Gonzales Decl. Ex. A; *see also* Cal. Code Regs. tit. 15, § 3190(b) (incorporating by reference the Religious Personal Property Matrix). Defendant advised Plaintiff that he could mail the necklace home, and he agreed to do so. SUF ¶ 7.

Plaintiff's necklace is a "Native American [s]piritual [a]rtifact …. known as a [r]osette," given to him by his grandmother. Pl.'s Compl. at 7; Pl.'s Dep. 47:3-6. On the date that Defendant

confiscated the rosette, Plaintiff had a locker where he kept other spiritual items, "such as beads, medallions, bandanas, wristbands, chokers, and medicine bags." SUF ¶ 8. Plaintiff is still allowed to keep these other spiritual items in the locker. Pl.'s Dep. 38:23-39-3, Vong Decl. Ex. B. (Doc. 38-4). Plaintiff regularly sends spiritual items home, including rosettes, which is consistent with his religion. SUF ¶ 9; Pl.'s Dep. 64:19-21. After Defendant confiscated his rosette, Plaintiff was allowed to continue to "mediate, rub sage, and engage in prayer." SUF ¶ 10. The prison spiritual advisor also advised Plaintiff that he may attend sweat-lodge ceremonies. *Id.* ¶ 11.

**IV.    LEGAL STANDARD**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment … is satisfied." *Id.* at 323.

3

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings but is required to tender evidence of specific facts in the form of affidavits or admissible discovery material in support of its contention. *See* Fed. R. Civ. P. 56(c)(1); *Matsushita*, 475 U.S. at 586 n.11; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."). The opposing party must demonstrate that the fact in contention is material, i.e., that it might affect the outcome of the suit under governing law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., that the evidence is such that a reasonable jury could return a verdict for the non-moving party, *see Anderson*, 477 U.S. at 250; *Wool v. Tandem Computs. Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

To show a factual dispute, the opposing party need not prove a material fact conclusively. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Contra Costa Cty. Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). However, the opposing party must still produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

V. **DISCUSSION**

   **A. Religious Land Use and Institutionalized Persons Act**

The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, … unless the government demonstrates that imposition of the burden on that person … is in furtherance of a compelling governmental interest … and is the least restrictive means of furthering that … interest." 42 U.S.C. § 2000cc-1(a). "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013); 42 U.S.C. § 2000cc-5(7). The government imposes a "substantial burden" on religious exercise when it puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Hartmann*, 707 F.3d at 1125 (internal quotation marks and citation omitted).

The Court therefore "begin[s] by identifying the 'religious exercise' allegedly impinged upon." *Greene v. Solano Cty. Jail*, 513 F.3d 982, 987 (9th Cir. 2008). As explained in *Cutter v. Wilkinson*, "[T]he 'exercise of religion' often involves not only the belief and profession but the performance of ... physical acts [such as] assembling with others for a worship service [or] participating in sacramental use of bread and wine." 544 U.S. 709, 720 (2005) (internal quotation marks and citation omitted). In *Greene*, the Ninth Circuit held that the religious exercise at issue was "group worship, not Christianity" more generally. 513 F.3d at 988. In *Shakur v. Schriro*, the religious exercise at issue was the practice of abstaining from eating haram meat. *See* 514 F.3d 878, 888 (9th Cir. 2008).

In his opposition, Plaintiff states, "Native Americans have different ways of praying…. Here, Plaintiff's (Rosette) was sent away…. Plaintiff has possessed his spiritual artifact and at times has worn it. In order for Plaintiff not to loose [sic] focus on his traditional ways he uses his spiritual artifacts as a symbolic way to have a connection to the spiritual world." Pl.'s Opp'n at 4. Plaintiff implies that he used the rosette for prayer and that he wore the rosette "at times," meaning that he did not wear it at other times. Plaintiff has other rosettes in addition the one that Defendant confiscated. *See* Pl.'s Dep. 64:19-21.

5

1         Plaintiff appears to use rosettes to remind him of his spirituality and, as he puts it, to have
2  a symbolic connection to the "spiritual world." Plaintiff provides no evidence that he uses his
3  rosettes for particular religious ceremonies, or specific religious practices, such as the way he
4  uses sage during his morning mediation ritual, *see* Pl.'s Dep. 46:10-18. Based on this, the Court
5  finds that the religious exercise at issue is Plaintiff's access to his spiritual artifacts, including his
6  rosettes, as opposed to a particular practice for which he could use the rosettes.

7         Next, the Court "must ask whether the prison regulation at issue 'substantially burdens'"
8  the religious exercise at issue. *Greene*, 513 F.3d at 987. A "'substantial burden' on 'religious
9  exercise' … impose[s] a significantly great restriction or onus upon such exercise." *Warsoldier v.*
10 *Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (internal quotation marks and citation omitted). In
11 addition, a substantial burden exists "where the state ... denies [an important benefit] because of
12 conduct mandated by religious belief, thereby putting substantial pressure on an adherent to
13 modify his behavior and to violate his beliefs." *Id.* (internal quotation marks and citation omitted).
14 In other words, "a prison policy that 'intentionally puts significant pressure on inmates ... to
15 abandon their religious beliefs ... imposes a substantial burden on [the inmate's] religious
16 practice.'" *Shakur*, 514 F.3d at 889 (citation omitted). In *Warsoldier*, the Ninth Circuit held that a
17 prison's grooming policy substantially burdened the plaintiff's religious beliefs by pressuring him
18 to cut his hair and thereby abandon those beliefs. 418 F.3d at 996. In *Greene*, the court held that a
19 prison's policy of prohibiting the plaintiff "from attending group religious worship services
20 substantially burdened his ability to exercise his religion." 513 F.3d at 988.

21        Based on the uncontested facts, the Court finds that Defendant did not substantially
22 burden Plaintiff's exercise of religion by forcing him to mail his rosette home. The Court
23 acknowledges that the rosette appears to have special significance to Plaintiff because it was
24 given to him by his grandmother. *See* Pl.'s Dep. 49:17-50:9. However, the evidence does not
25 show that mailing the rosette home substantially burdened Plaintiff's *religious* beliefs or
26 practices. Plaintiff admitted in his deposition that he regularly mails his spiritual artifacts home,
27 including rosettes, and that doing so is consistent with his religion. Pl.'s Dep. 64:15-65:16.
28 Plaintiff testified that he still has access to other spiritual artifacts, such as "beads and …

6

1   medallions that [he] wear[s] for ceremony" as well as bandanas, wristbands, and chokers. *Id.*
2   38:23-39:3. The evidence does not show that Defendant's action pressured Plaintiff to engage in
3   conduct that violated his religious beliefs or hindered his engagement in ceremonies or other
4   religious practices. Based on the evidence presented, Defendant's confiscation of one of
5   Plaintiff's rosettes did not substantially burden the religious exercise at issue here—Plaintiff's
6   general access to his rosettes and other spiritual artifacts.

7   Because the Court finds that Defendant's actions did not substantially burden Plaintiff's
8   exercise of religion, the Court need not reach whether those actions furthered a compelling
9   government interest or whether they were the least restrictive means of doing so.

10   **B. Free Exercise Clause of the First Amendment**

11   As with RLUIPA claims, a prisoner asserting a First Amendment "free exercise claim
12   must show that the government's action … substantially burdens the … practice of her religion."
13   *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (citation omitted). Under the First
14   Amendment, "[a] substantial burden … place[s] more than an inconvenience on religious
15   exercise; it must have a tendency to coerce individuals into acting contrary to their religious
16   beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his
17   beliefs." *Id.* (internal quotation marks and citations omitted). "[A]lleged infringements of
18   prisoners' free exercise rights [are] 'judged under a "reasonableness" test less restrictive than that
19   ordinarily applied to alleged infringements of fundamental constitutional rights.'" *Id.* at 1032
20   (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)). "The challenged conduct is
21   valid [under the First Amendment] if it is reasonably related to legitimate penological interests."
22   *Id*. (internal quotation marks and citations omitted).

23   For the same reasons discussed above, the uncontested facts show that Defendant's action
24   did not substantially burden Plaintiff's practice of religion and thereby impinge on his First
25   Amendment rights. The Court therefore does not reach whether such action was reasonably
26   related to a legitimate penological interest. The Court also does not address Defendant's argument
27   that she is entitled to qualified immunity.
28   ///

### VI. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED**. These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 28, 2020**              /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE

8