UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT O. SOLIS,<br><br>           Plaintiff,<br><br>     v.<br><br>R. GONZALES,<br><br>           Defendant. | No. 1:18-cv-00015-NONE-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DEFENDANT'S GRANTING MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 38, 46, 49) |

Plaintiff Robert O. Solis is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983 against defendant Gonzales, a correctional officer at Valley State Prison. Plaintiff claims that defendant violated the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by confiscating plaintiff's religious "rosette."[1] (Doc. No. 13 at 20–31.) Defendant seized the rosette pursuant to prison rules because it was larger than 1.5 inches in diameter. (Doc. No. 46 at 2.) Per plaintiff's request, the rosette was mailed to his home. (*Id.*) Defendant now moves for summary judgment in his favor as to plaintiff's free exercise and RLUIPA claims, arguing that the prison

/////

---

[1] The court previously granted defendant's motion for summary judgment with respect to on plaintiff's retaliation claim. (*See* Doc. Nos. 35–36.) The only remaining claims in this action are plaintiff's free exercise and RLUIPA claims.

1

policy at issue did not impose a substantial burden on plaintiff's exercise of his religion. (Doc. No. 38-1 at 4–9.)

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On June 29, 2020, the assigned magistrate judge issued findings and recommendations, recommending that defendant's motion for summary judgment be granted. (Doc. No. 46.) The magistrate judge reasoned, based on the undisputed evidence before the court on summary judgment, that "[d]efendant did not substantially burden [p]laintiff's exercise of religion by forcing him to mail his rosette home." (*Id.* at 6.) Plaintiff filed objections to the pending findings and recommendations on August 24, 2020 (Doc. No. 51), to which defendant replied on August 27, 2020 (Doc. No. 52).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the pending findings and recommendations to be supported by the record and proper analysis, and that plaintiff's objections fail to meaningfully address the magistrate judge's reasoning and also fail to establish the existence of a genuine dispute of material fact precluding summary judgment.[2]

Accordingly,

1. The findings and recommendations issued on June 29, 2020 (Doc. No. 46) are ADOPTED in full;

---

[2] The court has not considered plaintiff's allegation that defendant Gonzales and other correctional officers interrupted a prayer ceremony in which plaintiff was participating. (*See* Doc. No. 51 at 2). The assigned magistrate judge previously found that plaintiff's claim regarding this incident was not cognizable (Doc. No. 10), and plaintiff thereafter voluntarily dismissed the claim based upon that allegation (Doc. No. 15; *see also* Doc. No. 16). In addition, the allegations regarding this incident are not pertinent to the question before the court, i.e., whether the confiscation of plaintiff's rosette substantially burdened the practice of his religion. The court also notes that after the pending findings and recommendations were issued, plaintiff filed a motion styled as a "motion to amend supplemental pleading" (Doc. No. 49), but in it plaintiff requests leave to file a supplemental opposition to the motion for summary judgment (*id.* at 1). The motion fails to explain what additional information plaintiff would include in any supplemental opposition that would create a genuine dispute of material fact and why he could not have presented any such additional information in the first instance. Accordingly, the court finds that plaintiff has failed to establish good cause in support of his request for leave to file a supplemental opposition.

2. Defendant's motion for summary judgment (Doc. No. 38) is GRANTED;

3. Plaintiff's motion to file a supplemental opposition to defendant's motion for summary judgment (Doc. No. 49) is DENIED; and

4. The Clerk of the Court is DIRECTED to assign a district judge to this case for purposes of closure and to close this case.

IT IS SO ORDERED.

Dated:   **November 6, 2020**

_/s/ Dale A. Drozd_
UNITED STATES DISTRICT JUDGE